STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
COUNTY OF KANE

TROY MALONE )
    Plaintiff, ) NO. 16-L- '16 L 82
vs )
RICHARD GARRINGER and )
JAVELNIA CONSTRUCTION, INC., )
a foreign corporation, )
    Defendant. ) **VERIFIED COMPLAINT AT LAW**

NOW COMES the plaintiff, TROY MALONE, by and through his attorneys, REESE & REESE, and for his Complaint against the defendants, RICHARD GARRINGER and JAVELINA CONSTRUCTION, INC., a foreign corporation, states as follows:

Clerk of the Circuit Court
Kane County, IL

FILED FEB 10 2016
054
ENTERED

## GENERAL ALLEGATIONS

1. That defendant, RICHARD GARRINGER, resides at 406 W. 1450 S. Portland, Indiana.

2. That defendant, JAVELINA CONSTRUCTION, INC., (hereinafter "JAVELINA CONSTRUCTION") is a foreign corporation having its principal place of business in the State of Indiana, at 13376 Britton Park Rd., Fishers, IN 46038 and its registered agent is Business Filings Incorporated, 118 W. Edwards Street, Suite 200, Springfield, IL 62704.

3. That on October 6, 2014, the defendant, RICHARD GARRINGER, was employed by JAVELINA CONSTRUCTION, INC., was acting as an agent of the JAVELINA CONSTRUCTION, INC., and was acting within the scope and course of his duty as an employee of JAVELINA CONSTRUCTION, INC.

4. That in October 2014, the Illinois Department of Transportation (IDOT) was engaged in a road construction project on IL-Route 64 in Kane County, Illinois.

5. That defendant, JAVELINA CONSTRUCTION, was contracted to perform part of the work on that road construction project.

**NOTICE**
TAKE NOTICE THIS CASE IS HEREBY
SET FOR CASE MANAGEMENT CONFERENCE
BEFORE THE ABOVE NAMED JUDGE
ON 4-28-16
3W, AT 9:00 A.M. P.M.
FAILURE TO APPEAR MAY RESULT IN THE
CASE BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

**EXHIBIT 1**

6. That on October 6, 2014, plaintiff, TROY MALONE, was working as a truck driver hauling water to refill trucks and equipment that were part of the road construction crew on IL-64 in Kane County, Illinois, and was employed by Curran Contracting Company.

7. That on October 6, 2014 at approximately 6:54 a.m., RICHARD GARRINGER, was driving a 1995 Peterbilt 379 truck as part of his duties and responsibilities with JAVELINA CONSTRUCTION on IL-Route 64 at or near the intersection with Meredith Road.

8. That on October 6, 2014 at approximately 6:54 a.m., while plaintiff was standing near or alongside the truck, RICHARD GARRINGER drove his truck forward and struck TROY MALONE knocking him down, and then drove over him causing serious injuries.

## COUNT I

For his Complaint against the defendant, RICHARD GARRINGER, plaintiff, TROY MALONE, states as follows:

1-8. Plaintiff repeats and realleges paragraphs 1 through 8 of the General Allegations of this Complaint as paragraphs 1 through 8 of this Count 1, as though fully set forth here in full.

9. That the defendant, RICHARD GARRINGER, acted or failed to act in one or more of the following ways:

    a) He failed to decrease the speed of his vehicle as necessary to avoid hitting the plaintiff on the highway;
    b) He failed to see and observe plaintiff when he could and should have been seen and observed;

2

c) He failed to stop his vehicle in time to avoid hitting plaintiff although he saw or should have seen plaintiff and had ample time and opportunity to avoid him;

d) He failed to apply the brakes to his vehicle to reduce its speed or to turn it when he saw or should have seen the plaintiff standing near or alongside his truck;

e) He failed to properly inspect his vehicle and began driving forward without checking for any persons who may have been near his vehicle; and

f) He operated his motor vehicle on a roadway while using an electronic communication device;

g) He drove his motor vehicle suddenly and unexpectedly so that it ran over the plaintiff.

h) He failed to give any signal or other warning of his intention to move his vehicle, which was stopped along the highway, when he knew or should have known there were persons who were near his vehicle.

i) He failed to give proper and/or any signal of his intention to start his vehicle, although there was opportunity to give such signal to two persons who were near his vehicle.

j) He failed to keep his vehicle under proper control so as to avoid striking any persons who were known to be near his vehicle.

k) He failed to proceed cautiously when his vehicle was parked in a construction zone so as to avoid striking any persons who may have been near his vehicle.

l) He failed to remain stopped at his parked location until he could move his vehicle with reasonable safety.

m) He failed to sound the horn on his vehicle when it was reasonably necessary to do so to insure its safe operation in a construction zone.

n) He started his stopped vehicle, although such movement could not be made with reasonable safety.

10. That the defendant, RICHARD GARRINGER, was negligent in one or more of the following ways:

a) He failed to decrease the speed of his vehicle as necessary to avoid hitting the plaintiff on the highway, in violation of 625 ILCS 5/11-601;

b) He failed to see and observe plaintiff when he could and should have been seen and observed;

c) He failed to stop his vehicle in time to avoid hitting plaintiff although he saw or should have seen plaintiff and had ample time and opportunity to avoid him;

3

- d) He failed to apply the brakes to his vehicle to reduce its speed or to turn it when he saw or should have seen the plaintiff standing near or alongside his truck;
- e) He failed to properly inspect his vehicle and began driving forward without checking for any persons who may have been near his vehicle; and
- f) He operated his motor vehicle on a roadway while using an electronic communication device.
- f) He operated his motor vehicle on a roadway while using an electronic communication device;
- g) He drove his motor vehicle suddenly and unexpectedly so that it ran over the plaintiff.
- h) He failed to give any signal or other warning of his intention to move his vehicle, which was stopped along the highway, when he knew or should have known there were persons who were near his vehicle.
- i) He failed to give proper and/or any signal of his intention to start his vehicle, although there was opportunity to give such signal to two persons who were near his vehicle.
- j) He failed to keep his vehicle under proper control so as to avoid striking any persons who were known to be near his vehicle.
- k) He failed to proceed cautiously when his vehicle was parked in a construction zone so as to avoid striking any persons who may have been near his vehicle.
- l) He failed to remain stopped at his parked location until he could move his vehicle with reasonable safety.
- m) He failed to sound the horn on his vehicle when it was reasonably necessary to do so to insure its safe operation in a construction zone.
- n) He started his stopped vehicle, although such movement could not be made with reasonable safety in violation of 625 ILCS 5/11-803.

11. That defendant, RICHARD GARRINGER, was negligent in doing or failing to do one or more of the above stated things and as a proximate cause thereof, the accident occurred and plaintiff sustained injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, plaintiff, TROY MALONE, prays for judgment in his favor and against the defendant, RICHARD GARRINGER, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, together with all costs of this action.

## COUNT II

For his Complaint against the defendant, JAVELINA CONSTRUCTION, INC., a foreign corporation, plaintiff, TROY MALONE, states as follows:

1-8. Plaintiff repeats and realleges paragraphs 1 through 8 of the General Allegations of this Complaint as paragraphs 1 through 8 of this Count II, as though fully set forth here in full.

9. That the defendant, JAVELINA COROPORATION., through its agent and employee, RICHARD GARRINGER, acted or failed to act in one or more of the following ways:

- a) He failed to decrease the speed of his vehicle as necessary to avoid hitting the plaintiff on the highway;
- b) He failed to see and observe plaintiff when he could and should have been seen and observed;
- c) He failed to stop his vehicle in time to avoid hitting plaintiff although he saw or should have seen plaintiff and had ample time and opportunity to avoid him;
- d) He failed to apply the brakes to his vehicle to reduce its speed or to turn it when he saw or should have seen the plaintiff standing near or alongside his truck;
- e) Failed to properly train its agents, servants and/or employees, including the defendant, RICHARD GARRINGER, to properly and safely operate its vehicle;
- f) Failed to properly investigate the background of its agents, servants and/or employees including the defendant, RICHARD GARRINGER, to determine whether or not he could safely operate its vehicle; and
- g) He operated his motor vehicle on a roadway while using an electronic communication device.
- h) He drove his motor vehicle suddenly and unexpectedly so that it ran over the plaintiff.
- i) He failed to give any signal or other warning of his intention to move his vehicle, which was stopped along the highway, when he knew or should have known there were persons who were near his vehicle.
- j) He failed to give proper and/or any signal of his intention to start his vehicle, although there was opportunity to give such signal to two persons who were near his vehicle.

5

k) He failed to keep his vehicle under proper control so as to avoid striking any persons who were known to be near his vehicle.
l) He failed to proceed cautiously when his vehicle was parked in a construction zone so as to avoid striking any persons who may have been near his vehicle.
m) He failed to remain stopped at his parked location until he could move his vehicle with reasonable safety.
n) He failed to sound the horn on his vehicle when it was reasonably necessary to do so to insure its safe operation in a construction zone.
o) He started his stopped vehicle, although such movement could not be made with reasonable safety.

10. That the defendant, JAVELINA CONSTRUCTION, INC., through its agent and employee, RICHARD GARRINGER, was negligent in one or more of the following ways:

a) He failed to decrease the speed of his vehicle as necessary to avoid hitting the plaintiff on the highway, in violation of 625 ILCS 5/11-601;
b) He failed to see and observe the plaintiff when he could and should have been seen and observed;
c) He failed to stop his vehicle in time to avoid hitting plaintiff although he saw or should have seen plaintiff and had ample time and opportunity to avoid him;
d) He failed to apply the brakes to his vehicle to reduce its speed or to turn it when he saw of should have seen the plaintiff standing near or alongside his truck;
e) Failed to properly train its agents, servants and/or employees, including the defendant, RICHARD GARRINGER, to properly and safely operate its vehicle;
f) Failed to properly investigate the background of its agents, servants and/or employees including the defendant, RICHARD GARRINGER, to determine whether or not he could safely operate its vehicle; and
g) He operated his motor vehicle on a roadway while using an electronic communication device.
h) He drove his motor vehicle suddenly and unexpectedly so that it ran over the plaintiff.
i) He failed to give any signal or other warning of his intention to move his vehicle, which was stopped along the highway, when he knew or should have known there were persons who were near his vehicle.
j) He failed to give proper and/or any signal of his intention to start his vehicle, although there was opportunity to give such signal to two persons who were near his vehicle.

6

k) He failed to keep his vehicle under proper control so as to avoid striking any persons who were known to be near his vehicle.

l) He failed to proceed cautiously when his vehicle was parked in a construction zone so as to avoid striking any persons who may have been near his vehicle.

m) He failed to remain stopped at his parked location until he could move his vehicle with reasonable safety.

n) He failed to sound the horn on his vehicle when it was reasonably necessary to do so to insure its safe operation in a construction zone.

o) He started his stopped vehicle, although such movement could not be made with reasonable safety in violation of 625 ILCS 5/11-803.

11. That defendant, JAVELINA CONSTRUCTION, INC., through its agent and employee, RICHARD GARRINGER, was negligent in doing or failing to do one or more of the above stated things and as a proximate cause thereof, the accident occurred and plaintiff sustained injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, plaintiff, TROY MALONE, prays for judgment in his favor and against the defendant, JAVELINA CONSTRUCTION. INC., a foreign corporation, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, together with all costs of this action.

> TROY MALONE, Plaintiff
> BY: REESE & REESE
> His Attorneys
>
> BY: _[signature]_
> One of Them

Christopher M. Reese #6287172
REESE & REESE
979 North Main Street
Rockford, IL 61103
815/968-8851
ARDC #: 6287172

700621\Plead.Complaint

## VERIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated therein to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
TROY MALONE

IMAGED 02-16-2016 08:01